# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANNE WILLIAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17762**<br>REF: Both Cases |
| **ACE, ET AL.** | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court are Plaintiffs' motions to remand. Rec. Docs. 10, 15 & 21. The Court previously addressed this matter on April 12, 2017, holding the motions in abeyance pending limited discovery on the amount in controversy. Rec. Doc. 18. Plaintiffs have refiled another motion to remand, on similar grounds, to which the Defendants oppose. *See* Rec. Doc. 21; Rec Doc. 28. After reviewing the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

**I.    BACKGROUND**

On September 21, 2016, Plaintiffs Dianne Nunez Williams ("Dianne Willams"), individually and on behalf of her minor children, Kelvin Williams and Kevinika Williams, and Kevin Williams, Sr. on behalf of minors Kelvin and Kevinika Williams, brought this action against Defendants Shalen Pal ("Pal"), Swift Transportation Company, Swift Transportation Co. of Arizona (collectively, "Swift"), and Ace American Insurance Company ("Ace") in the 29th Judicial District Court for the Parish of St. Charles. Rec. Doc. 1-1 at 1. Plaintiff Bernice Williams brought a separate but identical action on September 2, 2016, in the 29th Judicial District Court

for the Parish of St. Charles. No. 17:177. Rec. Doc. 1-2.[1] The cases were consolidated under Docket No. 16-17762 on March 31, 2017. Rec. Doc. 14. The parties are completely diverse: Plaintiffs are domiciled in Louisiana, Pal is domiciled in Washington, Swift Transportation Company and Swift Transportation Co. of Arizona are domiciled in Arizona, and Ace is domiciled in Pennsylvania. Rec. Doc. 1 at 3-4. The amount of controversy is in dispute.

On September 6, 2015, Dianne Williams operated a 2007 Kia Sorento traveling on I-310 northbound. Rec. Doc. 1-1 at 2. Kelvin Williams and Kevinika Williams were passengers in her vehicle. *Id.* at 2. Plaintiffs allege that Pal was operating a 2015 truck or tractor trailer in the course and scope of his employment with Swift when the Pal's vehicle struck and collided with Dianne Williams' vehicle on or near the I-310 ramps allowing access to I-10 eastbound and westbound. *Id.* Plaintiffs aver that Pal was insured by Ace. *Id.*

Plaintiffs maintain that the collision was directly and proximately caused by Pal's negligent operation of a vehicle, failure to keep his vehicle under proper control, failure to see what he should have seen, negligent veering into Dianne Williams' lane, failure to a avoid a collision and actually colliding with the side and/or rear of Dianne Williams' vehicle. *Id.* at 3-4.

Plaintiffs also claim that as a result of this collision they suffered severe physical pain and mental anguish and required extensive medical care and treatment. *Id.* at 5. Plaintiffs seek damages for past, present and future pain and suffering, mental anguish, loss of life's pleasures, disabilities, medical, surgical, and miscellaneous expenses, wage loss and loss of earning capacity, court costs and expenses, and property damage, rental expenses, and loss of use of vehicle. *Id.*

Plaintiffs aver that the doctrine of *res ipsa loquitur* applies to the acts and omission by Pal that led to Plaintiffs' injuries. *Id.* at 4. Under the doctrine of respondeat superior, Plaintiffs

---

[1] Because the pleadings are identical but for Plaintiff's name, the Court will cite to Case No. 16-17762 Documents as applying to all parties, unless otherwise noted, for the sake of efficiency.

maintain that Swift Transportation Company and Swift Transportation Co. of Arizona, are liable for the negligent acts and omissions of their employee, Pal. *Id.*

Both Defendants Ace and Swift timely filed for removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Rec. Doc. 1; No. 17:177, Rec. Doc. 1. Defendants filed the removal actions individually, noting that the state record reflects that no other parties had been served with the citation and a copy of the petition. Rec. Doc. 1 at 2-3; No.17:177, Rec. Doc. 1. Defendants maintain that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, where the matter in controversy exceeds $75,000.00 and is therefore removable under 28 U.S.C. § 1441. Rec. Doc. 1 at 3. Defendants aver that the amount in controversy exceeds $75,000.00 based on Plaintiffs' claims that they suffered "severe physical pain and keen mental anguish," required "extensive medical care and treatment," were "disabled in the pursuit of life's pleasures," and "may require medical care in the future." *Id.* at 4. Plaintiffs also did not include a general allegation that their claims exceed or are less than the requisite amount to establish federal diversity jurisdiction, nor did they provide any situations or affidavits limiting any recovery. *Id.* at 4-5. Therefore, Defendants maintain that the federal amount in controversy requirement is met. *Id.* at 5.

## II. LEGAL STANDARD

Section 1441 (a) of Title 28 provides that a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving that a district court has jurisdiction over a matter. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Under Fifth Circuit precedent, the burden of a defendant removing based on 28 U.S.C. § 1332 to show that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages, as this figure will generally control. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When a defendant is removing from a Louisiana state court, where the plaintiff is not permitted to plead a specific amount of money damages, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.*; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The defendant does this by either showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.00. *De Aguilar*, 47 F.3d at 1411-12. To prevent removal, plaintiffs may file a binding stipulation or affidavit in conjunction with their state court petition, but it must affirmatively renounce the right to accept a judgment in excess of $75,000.00 in order to be binding. *Id.* at 1412; *Crosby v. Lassen Canyon Nursery, Inc.*, No. CV-02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003). As such, it is well-established in the Fifth Circuit that courts may always consider pre-removal stipulations.

On the other hand, the Fifth Circuit holds that post-removal affidavits or stipulations of the plaintiff may be considered only in limited circumstances. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211

4

(5th Cir. 1998). Specifically, they may be considered to clarify the amount in controversy as of the date of removal when it is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Fifth Circuit has held that the defendant has not met the burden for removal when:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendant[] offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff['s] claims; and (3) the plaintiff[] timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Asociacion Nacional*, 988 F.2d at 566. Consequently, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883.

## III. DISCUSSION

Plaintiffs maintain that the amount in controversy does not exceed $75,000.00. Rec. Doc. 21-1 at 1-2. Defendants contest that claim. Although the complaint does not specify an amount of damages, this Court finds that it is facially apparent that the damages sought or incurred are likely above $75,000.00, despite signed declarations from Plaintiffs.

Another Section of this Court faced a similar issue. In *Mitchell v. State Farm Mut. Auto. Ins. Co.*, an automobile accident case, the Court held that it is "insufficient that 'Plaintiff certifies that the amount in dispute is $75,000.' Such a conclusory statement 'does not clarify an initially ambiguous amount in controversy and thus is insufficient to deprive the Court of jurisdiction once it was been properly established.'" No. CV 16-721, 2016 WL 3086163, at *2 (E.D. La. June 2, 2016) (internal citations omitted). In *Mitchell*, the Plaintiff sought damages for, among other

5

things, medical expenses, physical and mental pain and suffering, loss of wages and earning capacity, and permanent disability. *Id.* The *Mitchell* plaintiff also stated that he "suffered severe and disabling injuries" as a result of "the vehicle owned and operated by [Defendant] [] suddenly and without warning [striking] the rear of the vehicle . . . operated by [Plaintiff]." *Id.* Plaintiff further requested a trial by jury in his petition, necessitating that his cause of action exceed $50,000.00. *See* La. Code Civ. Proc. art. 1732(1). Thus, the Court in *Mitchell* held that it was facially apparent in Plaintiff's petition that the damages sought or incurred were likely above $75,000.00.

Here, similar to *Mitchell*, Plaintiffs claim that as a result of this collision they suffered severe physical pain and mental anguish and required extensive medical care and treatment. Rec. Doc. 1-1 at 5. Plaintiffs seek damages for past, present and future pain and suffering, mental anguish, loss of life's pleasures, disabilities, medical, surgical, and miscellaneous expenses, wage loss and loss of earning capacity, court costs and expenses, and property damage, rental expenses, and loss of use of vehicle. *Id.* Although Plaintiffs have signed affidavits to this Court affirming that the amount sought is less than $75,000.00, they have not filed a binding stipulation with their state court petition. Thus, such affidavit alone is not enough to defeat this Court's jurisdiction. *See Crosby*, 2003 WL 22533617, at *3 (to prevent removal, plaintiffs may file a binding stipulation or affidavit in conjunction with their state court petition, but it must affirmatively renounce the right to accept a judgment in excess of $75,000.00 in order to be binding).

Further, Defendants have proffered more than conclusory statements in assessing damages to be more than $75,000.00. The Court ordered parties to engage in limited discovery by way of deposition to determine the amount in controversy. Rec. Doc. 18. Since then, Plaintiffs were asked to answer whether their injuries are resolved or are continuing. Plaintiffs, however, did not

answer the questions with specificity, stating only "[p]lease prefer [*sic*] to the attached medical records." *See* Rec. Doc. 28 at 4. Nonetheless, the medical records provided demonstrate that Plaintiffs were transported by ambulance to an emergency room for care and received follow up care thereafter. As for Plaintiff Bernice Williams, one of her treating physicians writes the following: "Due to structural weakness of the cervical and thoracic spine . . . it is most likely the patient's symptoms will be recurrent." *See id.* at 8-9. The report goes on to state that the areas damaged will "never regain their original elasticity and strength." *See id.* Finally, the report states that the patient is "predispose[d] to intermittent exacerbations of pain and stiffness. . . ." *See id.* In light of the numerous damages alleged by Plaintiffs, this Court finds it facially plausible that the amount in controversy exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332.

## IV.  CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Rec. Docs. 10, 15 & 21) is **DENIED**.

New Orleans, Louisiana, this 19th day of September, 2017.

**ELDON E. FALLON**
United States District Judge

7